IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM H. SCOTT                                                                                    PLAINTIFF

           v.                              Civil No. 4:10-cv-04021

SHERIFF JERRY CRAIN,
Hempstead County; JONNY
GODBOLT, Jail Administrator;
HEMPSTEAD COUNTY
DETENTION CENTER; and
NURSE LAURA                                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

William H. Scott (hereinafter Scott), currently an inmate of the Hempstead County Detention Center, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The complaint in this case was filed on February 22, 2010 (Doc. 1). Scott failed to submit with his complaint a completed *in forma pauperis* (IFP) application. An order was entered on February 22, 2010 (Doc. 2), directing him to complete and return an IFP application on the court approved form and to have the certificate portion of the IFP application completed by the appropriate detention center official or pay the $350 filing fee. On March 4, 2010, Plaintiff submitted an IFP application (Doc. 3). The application was on the court approved form. However, Plaintiff did not have the account certificate portion completed by the appropriate detention center official. Without the certificate portion filled out, the IFP application is not complete.

An order was entered on March 8, 2010 (Doc. 4), directing the Clerk to mail Scott a copy of the IFP application he had submitted. Plaintiff was given until March 26, 2010, to submit the completed IFP application or pay the $350 filing fee. Plaintiff was advised that if he failed to return the completed IFP application or pay the $350 filing fee by March 26, 2010, the complaint would become subject to

summary dismissal for failure to obey an order of the court.

To date, Plaintiff has failed to return the completed IFP application or pay the filing fee. Plaintiff has not sought an extension of time to respond to the Court's order. For the reasons stated, I recommend that this action be dismissed based on Plaintiff's failure to comply with the orders of the Court and his failure to prosecute this case. Fed. R. Civ. P. 41(b).

**Scott has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Scott is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of April 2010.

                                                          /s/ Barry A. Bryant  
                                                         HON. BARRY A. BRYANT  
                                                         UNITED STATES MAGISTRATE JUDGE